**Salwa Zinhoum Mohamed ELBASLLI, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 04–60064.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Jan. 6, 2005.

Robert H. Etnyre, Jr., Royston, Rayzor, Vickery & Williams, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Sergio Arturo O'Cadiz, U.S. Department of Justice, Washington, DC, Hipolito Acosta, U.S. Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, New Orleans, LA, for Respondent.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Salwa Zinhoum Mohamed Elbashlli petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) decision to deny her application for asylum and withholding of removal under the Immigration and Nationality Act (INA) as well as the Convention Against Torture (CAT). Elbashlli argues that the BIA erred in determining that she had not established entitlement to asylum and withholding of removal under both the INA and the CAT.

This court will uphold the factual findings that an alien is not eligible for asylum or withholding of removal if those findings are supported by substantial evidence. *Chun v. INS,* 40 F.3d 76, 78–79 (5th Cir. 1994). The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. *Carbajal–Gonzalez v. INS,* 78 F.3d 194, 197 (5th Cir.1996). The BIA's decision is supported by substantial evidence, and the record does not compel a contrary conclusion as to either Elbashlli's INA claims or her CAT claim. *See id.* Accordingly, Elbashlli's petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.